W. H. Boyd v. J. C. Montgomery.

Decided November 16, 1901.

State School Land—Right to Purchase "Additional Land."

Under the article of the statute restricting the right to purchase State school land to actual settlers thereon, or to purchasers of other school land, who may, within certain limits, buy additional lands, one who marries the widow of a purchaser of school land and thereafter resides on such land with her, does not thereby become entitled to purchase additional lands. Rev. Stats., art. 4218f.

Appeal from Nolan. Tried below before Hon. W. R. Smith.

*Beall & Beall,* for appellant.

*A. H. Kirby, Claud McCaulley,* and *Theodore Mack,* for appellee.

CONNER, Chief Justice.—This suit was instituted by appellee for the recovery of the east one half of section 62, block 21, State school lands, in Nolan County. The facts show that appellee was the owner of and an actual settler upon the southeast one-fourth of section 55, block 20, within a radius of five miles of the land in controversy, and that as such, on June 25, 1900, he made application, obligation, and first payment in due form to purchase said east half section as additional land to his home section, as provided in our statutes on the subject. This application was rejected by the Commissioner of the General Land Office on the ground that the land had theretofore been awarded to appellant, and hence this suit. Appellant's title, as appears from evidence excluded, and to the exclusion of which error is assigned, was by virtue of an application, obligation, and payment made by him in May, 1886, followed by an award of the Commissioner. The award of the land in controversy to appellant was as additional to the southwest one-fourth of said section 62, upon which he resided at the time, and the proceedings were in all respects regular and conferred the superior right herein

unless the facts upon which depend appellant's right to said southwest one-fourth of section 62 have the effect to defeat him. These facts are that in 1885, or prior thereto, one E. Coffee became the purchaser and owner in fee simple of said southwest one-fourth of section 62, and resided thereon with his wife and several children as his home. E. Coffee died, and about the year 1886 appellant married his widow. Appellant and the widow of E. Coffee since their marriage have, together with the children of said Coffee and subsequent children of their own, continuously resided upon, cultivated, and used said southwest quarter as their home. The substantial question presented by the assignments of error on this appeal, which is from a judgment against him, is whether such facts constitute appellant an eligible purchaser of the land in controversy.

"Except where otherwise provided by law" no sale of State school land to one not an "actual settler" thereon is authorized. Rev. Stats., art. 4218f. The same article, however, provides that "any bona fide purchaser who has heretofore purchased, or who may hereafter purchase any lands as provided herein shall have the right to purchase other lands in addition thereto." It is the aid of the latter provision alone that is invoked in behalf of appellant herein, for it is conceded that he is not, nor has he ever been, an "actual settler" on the land in controversy, though since the award to him he has placed thereon improvements and cultivated and used in connection with his home some 35 acres thereof.

It seems quite plain to us that the question presented must be determined adversely to appellant's contention. The unmistakable purpose of all of our laws on the subject has been to limit the sale of State school lands. No authority is conferred upon the Commissioner of the General Land Office to sell to persons generally, or to accept the application to purchase of any person not within the classes specified in the law. So far as is pertinent to the present controversy, the statute has defined but two classes: Those who are actual settlers upon land the purchase of which is desired; and those who may theretofore have purchased and become actual settlers upon adjacent school lands. The classes seem quite distinct and easy of ascertainment. Appellant plainly does not fall within either class. To entitle him to additional land he must not only be a resident—an actual settler—upon school land within the prescribed radius, but he must also have been a purchaser thereof. Appellant never purchased or became the owner of the southwest one-fourth of section 62 upon which he resides within the meaning of the statute quoted. Full title thereto became vested in E. Coffee before his death. Appellant's right therein was but possessory—the right to occupy, use, and cultivate it as a homestead. The statute authorizes the lease of school lands in certain instances and for certain fixed periods, whereby persons may acquire possessory right thereto; but such possessory right alone has never been held to confer upon the lessee the right to purchase school land additional thereto. We can not see that appellant's right in his home quarter is on any higher plane. The mode of

his acquisition is indeed different, and its duration and value may be greater; but his status or class is nevertheless that of a mere possessor, and not that of a purchaser. There was no error, therefore, in excluding appellant's application.

Appellant presented no issue of improvements in good faith, and there is evidence supporting the court's finding that appellee's purchase was without the collusion charged, and we therefore adopt the trial court's findings of fact and affirm the judgment.

*Affirmed.* ·

Writ of error refused.